10-2424-ag
Zheng v. Holder

BIA
Chew, IJ
A088 377 759

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 1st day of June, two thousand eleven.

PRESENT:
> ROSEMARY S. POOLER,
> DEBRA ANN LIVINGSTON,
> DENNY CHIN,
>> *Circuit Judges.*

_____

CHANGMAO ZHENG,
> *Petitioner,*

v.                                          10-2424-ag
                                            NAC

ERIC H. HOLDER, JR., UNITED STATES ATTORNEY GENERAL
> *Respondent.*

_____

FOR PETITIONER:        Oleh R. Tustaniwsky, Brooklyn, New York.

FOR RESPONDENT:        Tony West, Assistant Attorney General; Russell J. E. Verby, Senior Litigation Counsel; Dalin R. Holyoak, Trial Attorney, Office of Immigration Litigation, Civil Division, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Changmao Zheng, a native and citizen of China, seeks review of a May 20, 2010, decision of the BIA affirming the June 12, 2008, decision of Immigration Judge ("IJ") George T. Chew denying Zheng's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Changmao Zheng*, No. A88 377 759 (B.I.A. May 20, 2010), *aff'g* No. A88 377 759 (Immig. Ct. N.Y. City June 12, 2008). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we review the decision of the IJ as supplemented by the BIA. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). We review the IJ's findings under the "substantial evidence" standard, while questions of law and the application of law to undisputed fact, we review *de novo*. *See* 8 U.S.C. § 1252(b)(4)(B); *Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009).

The government asserts that Zheng's argument — that he

suffered past persecution on account of his resistance to China's family planning policy — is unexhausted. However, because the BIA addressed the issue in its decision, any failure to exhaust is excused. *See Waldron v. INS*, 17 F.3d 511, 515 n.7 (2d Cir. 1993).

Zheng argues that he suffered past persecution because he was threatened with sterilization and the Chinese government postponed his eligibility to obtain a legal marriage, a prerequisite to obtaining a birth permit. However, the unfulfilled threat of future sterilization does not itself constitute past persecution. *Gui Ci Pan v. U.S. Att'y Gen.*, 449 F.3d 408, 412-13 (2d Cir. 2006) (providing that claims based on unfulfilled threats do not establish past persecution). While the delay in official recognition of Zheng's wedding may have prevented Zheng and his wife from legally having children, the agency reasonably found that this delay did not rise to the level of persecution. *See Ivanishvili v. U.S. Dep't of Justice*, 433 F.3d 332, 341 (2d Cir. 2006) (explaining that persecution requires that the harm suffered be sufficiently severe, rising above "mere harassment").

Zheng further argues that the agency erred in finding that he did not establish a likelihood of future persecution

3

and torture if he returns to China because he will be forcibly sterilized if he has more children. This argument is unavailing because Zheng did not provide any evidence to demonstrate that he would be sterilized if he had more children. *See Jian Xing Huang v. INS*, 421 F.3d 125, 129 (2d Cir. 2005) (per curiam) (holding that, absent "solid support in the record" for the petitioner's assertion that he would be subjected to persecution in China because of his desire to have more children, his fear was "speculative at best"). Accordingly, the agency reasonably concluded that Zheng failed to demonstrate the likelihood of future persecution or torture necessary to establish his eligibility for withholding of removal or CAT relief. *See Ramsameachire v. Ashcroft*, 357 F.3d 169, 185 (2d Cir. 2004); *Jian Xing Huang*, 421 F.3d at 129.

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, the temporary stay of removal that the Court previously granted in this petition is VACATED, and the pending motion for a stay of removal in this petition is DISMISSED as moot.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

4